IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOREN DATA CORP., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 10-cv-03474-DKC |
| | : | |
| GXS, INC., | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION FOR CLARIFICATION
AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Local Rule 105, Plaintiff Loren Data Corp, by counsel, respectfully moves the Court to clarify one aspect of its order dated August 9, 2011 dismissing this civil antitrust action. ECF No. 21 ("Order"). The Order does not indicate whether dismissal of counts I-V of the Complaint for failure to state a claim for relief (Fed. R. Civ. P. 12(b)(6)) was without prejudice to amend. Loren Data therefore requests clarification in order to determine whether to move the Court for reconsideration of any prejudicial dismissal or, as appropriate, file a notice of appeal.

In support of this motion, Plaintiff states as follows:

1. The ordinary standard for Rule 12(b)(6) dismissals is that, absent futility, leave to amend should not be terminated. It is settled that leave to amend should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), and hence "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *In re Rood,* 426 B.R. 538, 558 (D. Md. 2010) (Chasanow, J.) (citing *Laber v. Harvey,* 438 F.3d 404, 426-27 (4th Cir. 2006)).

2. The Order does not dismiss counts I-V expressly with or without prejudice. Nonetheless, the Court's dismissal of count VI of the Complaint was explicitly "without prejudice." Order at 1. In its motion papers, moreover, Defendant GXS sought dismissal with prejudice, without any showing of prejudice, bad faith or futility. Memorandum of Law in Support of Defendant's Motion to Dismiss at 49 (ECF No. 9); Defendant's Reply Memorandum of Law in Further Support of its Motion to Dismiss at 22 (ECF No. 18).

3. There is recent law to the effect that under Rule 41(b), an involuntary dismissal "operates as an adjudication upon the merits," *i.e.,* the "opposite of a 'dismissal without prejudice.'" *Semtek Intl. Incorp. v. Lockheed Martin Corp.,* 531 U.S. 497, 505 (2001). Additionally, Rule 15 has now been amended such that a party's ability to amend as of right is cutoff 21 days after service of a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a)(1)(B).

4. In light of these factors, it is not clear whether the Court intended dismissal of counts I-V to be with prejudice. Loren Data cannot unilaterally assume the dismissal was without prejudice because that might result in procedural default, *i.e.,* denial of a motion for leave to amend if the Court has already determined further amendment will not, for some reason, be permitted. That is because "once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated." *National Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 244 (2d Cir. 1991).[1]

5. Although the Court ruled that Loren Data's complaint lacked specificity in market definition and failed to allege the anticompetitive conduct and related elements of its Sherman Act claims in a "plausible" manner, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Court's opinion did not hold that Loren Data could not with more precision state a

---

[1] Failing to seek clarification, as in this motion, might also result in waiver of an appellate argument that a prejudicial dismissal was improper. *See New Albany Tractor Inc. v. Louisville Tractor Inc.,* No. 10-5100, slip op. at 8 (6th Cir., June 21, 2011).

valid monopolization, attempted monopolization or Section 1 claim. Since discovery has not commenced, there is no prejudice to Defendant in permitting amendment. Consequently, and especially as Plaintiff has now engaged new counsel with extensive antitrust experience, the Court should, we suggest, allow a further amendment before entering judgment on the merits against Loren Data.

6. Loren Data asks that the Court waive the otherwise applicable provision of Local Rule 105(1) requiring a memorandum of law and consider this document, as its title indicates, both a motion and supporting memorandum of points and authorities for purposes of Rule 105.

7. Undersigned counsel for Plaintiff represent that they have contacted counsel for GXS and that Defendant opposes this motion.

WHEREFORE, Plaintiff Loren Data Corp.'s motion for clarification should be granted, with the Court issuing a revised or supplemental Order stating whether the August 9, 2011 dismissal of counts I-V of the Amended Complaint was with prejudice to further amendment.

Respectfully submitted,

By: /s/ Christopher W. Mahoney
Christopher W. Mahoney (Bar No. 6853)
Glenn B. Manishin (*pro hac vice* pending)
DUANE MORRIS LLP
505 9th Street, N.W., Suite 1000
Washington, DC 20004
(202) 776-7800
(202) 7776-7801 fax
cwmahoney@duanemorris.com

*Counsel for Plaintiff Loren Data Corp.*

Dated: August 19, 2011

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on counsel for defendant GXS, Inc, by filing a copy thereof with the Court's ECF system, which automatically sends a notice of filing to registered counsel, and also by mailing a copy thereof via United States mail, postage prepaid, addressed to the following:

David Evans
CHARBOURNE & PARKE LLP
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
devans@chadbourne.com

                                              /s/ Tara Coleman
                                            Tara Coleman