IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOREN DATA CORP.          :
                          :
                          :
     v.                   :   Civil Action No. DKC 10-3474
                          :
GXS, INC.                 :
                          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this antitrust case are the motions for clarification (ECF No. 24) and for reconsideration (ECF No. 26) filed by Plaintiff Loren Data Corp. The issues have been briefed and the court now rules, no hearing being deemed necessary. *See* Local Rule 105.6. For the following reasons, Plaintiff's motions will be denied.

**I. Background[1]**

Plaintiff Loren Data Corp. filed suit against Defendant GXS, Inc., on December 13, 2010, alleging federal and state antitrust violations as well as two state law claims for tortious interference with business relationships and breach of contract. (ECF No. 1). Defendant moved to dismiss the complaint on February 3, 2011. (ECF No. 9). In response,

---

[1] The background of this case is discussed at greater length in the court's earlier memorandum opinion granting the motion to dismiss filed by Defendant GXS, Inc. *See Loren Data v. GXS, Inc.*, No. DKC 10-3474, 2011 WL 3511003, at *1-2 (D.Md. Aug. 9, 2011).

Plaintiff amended its complaint to add a supplemental statement of facts, otherwise incorporating the claims from its original complaint, and opposed Defendant's motion to dismiss.  (ECF Nos. 13, 14).[2]  Defendant's motion to dismiss was granted on August 9, 2011, with Plaintiff's antitrust and tortious interference claims dismissed for failure to state a claim, and the breach of contract claim dismissed without prejudice for lack of subject matter jurisdiction.  (ECF No. 21).

On August 19, 2011, Plaintiff filed a motion entitled "motion for clarification" to determine whether the order dismissing its antitrust and tortious interference claims "was with prejudice to further amendment."  (ECF No. 24, at 3).  Four days later, Plaintiff filed another motion entitled "protective motion for reconsideration and to amend order or, alternatively, to extend time for appeal" ("motion for reconsideration").  (ECF No. 26).[3]

---

[2] The parties later stipulated that Defendant's motion to dismiss and Plaintiff's opposition would apply to Plaintiff's first amended complaint.  (ECF No. 16).

[3] Within this second motion, Plaintiff alternatively moved to extend the time for appeal until the later of 30 days after entry of judgment or 14 days after disposition of Plaintiff's motion for clarification.  (ECF No. 26).  This request need not be addressed, however, because Federal Rule of Appellate Procedure 4(4)(A)(iv) explicitly provides that the filing of a motion to alter or amend a judgment, as Plaintiff's pending motions will be construed, tolls the 30-day window for filing an appeal until after disposition of that motion.

**II.  Motions to Alter or Amend a Judgment**

    **A.  Standard of Review**

Plaintiff does not specify which Federal Rule of Civil Procedure it relies upon in bringing its motions for clarification and reconsideration.[4] Where a party submits a motion that "does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995). Motions filed within 28 days of the entry of judgment and either "call[ing] into question the correctness of that judgment" or seeking minor alterations thereto constitute Rule 59(e) motions. *See* Fed.R.Civ.P. 59(e) (stating that a party must file a motion to alter or amend a judgment within 28 days following the entry of judgment); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008) (reasoning that a motion challenging a district court's abstention from granting summary judgment constituted a Rule 59(e) motion because the party filed the motion in the appropriate time period and therein questioned the

---

[4] In its motion for reconsideration, Plaintiff does request that the court "alter or amend [its] order under Rules 59 and 60 of the Federal Rules of Civil Procedure," but Plaintiff does not specify which of these Rules should apply to that motion. (ECF No. 26, at 1).  One part of Plaintiff's motion for reconsideration references Rule 60(a), but as explained below, Plaintiff's motions properly fall under Rule 59(e).

court's legal basis for abstention); *Barry v. Bowen*, 825 F.2d 1324, 1328 n.1 (9th Cir. 1987) (classifying a motion to clarify whether the court would award benefits or conduct additional proceedings as a request for "minor alterations in the judgment" and concluding that the moving party had filed it within the then-existing 10-day window, thereby triggering Rule 59(e)), *overruled on other grounds by* 884 F.2d 442 (9th Cir. 1989).[5]

Here, Plaintiff's motions both qualify as Rule 59(e) motions. Plaintiff filed its motions for clarification and reconsideration on August 19 and August 23, 2011, respectively, both well within 28 days of this court's August 9, 2011 order dismissing the case. Similar to the motion in *Barry*, where the moving party sought only a "minor alteration in the judgment", Plaintiff's motion for clarification seeks to ascertain whether the court's order dismissed its antitrust and tortious interference claims with or without prejudice. Additionally, Plaintiff's subsequent motion for reconsideration, which appears to concede that the order dismissing these claims was with prejudice, challenges the correctness of that order, much like

---

[5] In *Barry*, the United States Court of Appeals for the Ninth Circuit expressly declined to classify the motion as "one to correct a 'clerical error' under Rule 60(a)," where the motion merely sought additional instruction regarding the contours of the district court's judgment. 825 F.2d at 1328 n.1. Under similar logic, Plaintiff's motions here, which initially seek clarification about the contours of the court's dismissal order, do not fall under Rule 60(a).

the motion in *MLC Automotive*, and expressly references amending the order. Both of Plaintiff's motions thus constitute motions to alter or amend a judgment under Rule 59(e).[6]

"In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 538 U.S. 1012 (2003) (quoting 11 Wright, Miller, & Kane, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). As a result, courts have recognized only three limited grounds for granting Rule 59(e) motions: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co.*, 148 F.3d at 403). A Rule 59(e) motion "may not be used to

---

[6] Plaintiff's suggestion that the order dismissing its case may not constitute a "judgment" under Federal Rule of Civil Procedure 58 is erroneous. The United States Court of Appeals for the Fourth Circuit has previously explained that a judgment "includes any order . . . from which an appeal lies," *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 688 n.12 (4th Cir. 1978), including an order dismissing a case for failure to state a claim, *Cedar Coal Co. v. United Mine Workers of Am.*, 560 F.2d 1153, 1161 (4th Cir. 1977). Additionally, the order, issued separately from the related memorandum opinion, satisfies Rule 58's "separate document" requirement. *See Caperton*, 585 F.2d at 689 (holding that a notation within a district court's memorandum opinion did not constitute a "separate document" for purposes of Rule 58 and noting the absence of an order issued "apart from the memorandum itself" in reaching this conclusion).

relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 Wright, *et al.*, *supra*, § 2810.1, at 127–28).

**B. Analysis**

Plaintiff's motion for clarification initially requests instruction regarding whether the order dismissing its antitrust and tortious interference claims was made with prejudice or without prejudice. (ECF No. 24). As Plaintiff seems to acknowledge in its motion for reconsideration, the dismissal of these claims was with prejudice. While the order may not have included the phrase "with prejudice" following the language dismissing Plaintiff's antitrust and tortious interference claims, it did expressly instruct the court clerk to *close* Plaintiff's case, thereby indicating that the dismissal was with prejudice. Indeed, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice." *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985).

Anticipating this outcome, Plaintiff's motions for clarification and reconsideration seek to convince the court to dismiss its antitrust and tortious interference claims *without prejudice* in order for Plaintiff subsequently to request leave to amend its complaint. Plaintiff, however, wholly fails to

address the three limited grounds for reconsideration under Rule 59(e), and none of them is applicable here. In fact, Plaintiff suggests only two arguments for granting its motions, neither of which is persuasive.

Plaintiff first suggests that the court should grant its motions because it recently obtained new counsel. (*See* ECF No. 24 at ¶ 5). This argument fails to fit within the limited grounds on which a court may grant a Rule 59(e) motion. The United States District Court for the Eastern District of Virginia persuasively rejected a similar argument in *In re Fisherman's Wharf Fillet, Inc.*, 83 F.Supp.2d 651, 656-57 (E.D.Va. 1999). Reasoning that "[o]ne cannot voluntarily choose an attorney and then avoid the consequences of the attorney's acts or omissions," the district court refused to reconsider its grant of summary judgment against a claimant simply because the conduct of the claimant's prior attorney may have fallen below professional standards and the claimant had since obtained new counsel. *Id.* at 656-60 (quoting *In re Walters*, 868 F.2d 665, 668-69 (4th Cir. 1989)). In so doing, the court rejected the claimant's contention that manifest injustice would occur without reconsideration of the order granting the motion for summary judgment. *Id.* The same logic applies to any suggestion that the court should amend the present judgment to dismiss

Plaintiff's claims without prejudice simply because Plaintiff recently engaged new counsel.

Plaintiff's next argument has more merit in the abstract, but it, too, ultimately fails when applied to Plaintiff's motions. Without saying so, Plaintiff would seem to rely on the third basis for Rule 59(e) relief – correcting a clear error of law. In support, Plaintiff contends that the court "did not hold that Loren Data could not with more precision state [valid claims]" and that courts generally only prevent amendment when doing so would be futile, prejudicial, or in bad faith. (ECF No. 27, at 2). While both of these statements may be independently true, they are grossly insufficient to demonstrate that a clear error of law results from the dismissal of Plaintiff's antitrust and tortious interference claims with prejudice.

When determining whether to dismiss a claim with or without prejudice, courts apply "the same standard as if a motion for leave to amend [had] been filed." Schwarzer et al., *Federal Civil Procedure Before Trial*, § 9.287.10 (rev. ed. 2011). That is, although a dismissal is presumed to be with prejudice where the court does not specifically order otherwise, *Caperton*, 761 F.2d at 974, such a dismissal should generally only occur where amendment would be futile, prejudicial, or in bad faith, *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193

(4th Cir. 2009). The former ground is dispositive in the present case; therefore, there is no need to address whether permitting Plaintiff to amend would either result in prejudice to Defendant or suggest bad faith on Plaintiff's part.

An amendment is futile if it would fail to withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Two facts here suggest that dismissing Plaintiff's claims without prejudice, and thereby enabling Plaintiff to amend its complaint, would be futile under this standard. First, Plaintiff has previously amended its complaint. (ECF No. 13). When it did so, Plaintiff added a supplemental statement of facts for the court to consider when evaluating the sufficiency of its claims against Defendant GXS' motion to dismiss, and these additional facts were nonetheless insufficient to state a claim. This prior unsuccessful amendment itself suggests that further amendment would be futile. *See Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474 (4th Cir. 2006) (citing plaintiffs' failure to state a claim in prior amended complaints as one ground for upholding a district court's denial of plaintiff's motion for leave to amend).

Additionally, Plaintiff fails in both of its motions to set forth any allegations demonstrating that dismissal without prejudice, and the corresponding ability for Plaintiff to amend its complaint, would be fruitful. Indeed, Plaintiff suggests

only that its new counsel's "extensive antitrust experience" would enable it to state a claim "with more precision." (ECF No. 24 ¶ 5). Such innuendo, however, does not entitle Plaintiff to a third bite at the apple, and it distinguishes Plaintiff's motions from Fourth Circuit cases concluding that the district court erred in denying a plaintiff's Rule 59(e) motion. *See, e.g.*, *Matrix Capital Mgmt. Fund, LP*, 576 F.3d at 195 (emphasis added) (finding that the district court erred in denying plaintiffs an opportunity to amend their complaint where plaintiffs provided *specific allegations* for the court to consider in ruling on their motion). "Simply put, Rule 59(e) does not provide a party with a mechanism to just keep filing [complaints] . . . until it gets it right." *Hanover Ins. Co. v. Corrpro Cos.*, 221 F.R.D. 458, 460 (E.D.Va. 2004).

**III. Conclusion**

For the foregoing reasons, Plaintiff's motions for clarification and for reconsideration will be denied. A separate Order will follow.

                                        /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge